UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

PW SHOE LOFTS, LP,                        )
                                          )
            Plaintiff,                    )
                                          )
      vs.                                 )        Case No. 4:10CV02241 AGF
                                          )
STATE AUTO PROPERTY AND                   )
CASUALTY INSURANCE COMPANY,               )
et al.,                                   )
                                          )
            Defendants.                   )

## MEMORANDUM AND ORDER

      This matter is before the Court on Plaintiff PW Shoe Lofts, LP's Motion to

Remand (Doc. 12). Plaintiff PW Shoe Lofts, LP ("PW Shoe") filed this action for

declaratory judgment as to the rights and interests of itself and Defendants State Auto

Property and Casualty Insurance Company's ("State Auto"), Safeco Insurance Company

("Safeco"), HBD Construction, Inc. ("HBD"), Garen Miller, Inc., and Garen Miller,

individually, under a State Auto Builder's Risk Policy for losses sustained by a building

PW Shoe was renovating, as well as for damages for breach of contract and other

vexation actions against State Auto. Although complete diversity is lacking on the face of

the complaint because PW Shoe, HBD, Garen Miller, Inc., and Garen Miller, the

individual, are all citizens of Missouri, Defendant State Auto removed the lawsuit to

federal court claiming that Safeco, HBD, and Garen Miller, Inc. were fraudulently joined

to defeat diversity jurisdiction. PW Shoe has moved to remand the lawsuit to Missouri

state court. Because the Court finds that HBD and Safeco were properly joined as

defendants, the Court lacks subject matter jurisdiction and will grant PW Shoe's motion to remand this lawsuit to state court.

## Background

On October 25, 2010, Plaintiff PW Shoe filed the present case against Defendants in the Circuit Court of St. Louis City, Missouri. PW Shoe is a limited partnership organized under the laws of Missouri. HBD is a corporation organized under the laws of Missouri with its principal place of business in Missouri. Safeco is a foreign insurance company, which by law has appointed the director of the Missouri Department of Insurance as its registered agent, pursuant to Mo. Rev. Stat. § 375.906. Garen Miller, Inc. is a corporation organized under the laws of Missouri with its principal place of business in Missouri. Garen Miller, the individual, is a citizen of Missouri.

In its Petition, PW Shoe alleges that it was the owner of a building which was being renovated ("the Project"). PW Shoe and HBD entered into a contract for HBD to serve as the contractor for the Project. Garen Miller, the individual, entered into a contract with PW Shoe, in which he and Garen Miller, Inc. (hereinafter collectively referred to as "the Architect") agreed to provide certain architectural services related to the Project.

State Auto issued and renewed a Builder's Risk Policy covering the Project, which was in effect during certain alleged "Covered Perils" under the terms and conditions of the policy. The Builder's Risk Policy listed PW Shoe as the named insured, and listed HBD as an additional insured. Additionally, Safeco issued a performance bond related to the completion of the Project and all payment for labor and materials related to the

Project. These bonds identified HBD as the principal, and Safeco as the surety, of the bonds, which were held for the benefit of PW Shoe, as the obligee, for an amount in excess of $5,000,000.

During 2008 and 2009, multiple events occurred while the Project was ongoing, which PW Shoe alleges are "Covered Perils" under State Auto's Builder's Risk Policy. PW Shoe alleges that these events caused, or contributed to the cause of, direct physical loss to the Project. PW Shoe alleges that it notified State Auto of the losses and has fully complied with all necessary conditions to recover under the Builder's Risk Policy. On April 12, 2010, HBD also submitted a notice of claim against the Builder's Risk Policy for the damage to the Project, in which it noted that HBD disputed the claims asserted by PW Shoe against HBD, but was "compelled to put State Auto on notice of a claim against the policy given the nature of the claims asserted." (Doc. 1-2 at 61.) However, State Auto has not made a decision yet regarding its coverage under the policy. As a result, PW Shoe brought the present action for declaratory judgment as to the rights and interests of itself and the defendants, under the Builder's Risk Policy, and for damages against State Auto for breach of contract and vexatious action.

On December 1, 2010, Defendant State Auto removed the case from Missouri state court to the United States District Court for the Eastern District of Missouri, claiming that Safeco, HBD, and Garen Miller, Inc. were fraudulently joined to defeat diversity jurisdiction.[1] State Auto's Notice of Removal did not include the consent of the other

---

[1]     State Auto failed to identify Garen Miller, the individual, in its Notice of Removal, and therefore failed to argue that he was also fraudulently joined. However, for

known defendants.  PW Shoe now moves to remand the case to the Circuit Court of St. Louis City, Missouri.  For the reasons set forth below, the Court will grant PW Shoe's motion.

## Legal Standard

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  28 U.S.C. § 1441(b) allows a defendant to remove a civil action from state court to federal court based on diversity jurisdiction only if none of the properly joined defendants are citizens of the state in which the original action was filed.  Applied here, the Court lacks jurisdiction over this case if one of the defendants is citizen of Missouri.  28 U.S.C. § 1441(b); *Hurt v. Dow Chem. Co.*, 963 F.2d 1142, 1145 (8th Cir. 1992).  The removing defendant, as the party invoking diversity jurisdiction, bears the burden of proving that all prerequisites to jurisdiction are satisfied.  *See Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009)*; Wilkinson v. Shackelford*, 478 F.3d 957, 963 (8th Cir. 2007); *James Neff Kramper Family Farm P'ship v. IBP, Inc.*, 393 F.3d 828, 831 (8th Cir. 2005).  Removal statutes are strictly construed and any doubts about the propriety of removal are resolved in favor of remand.  *See Wilkinson*, 478 F.3d at 963;  *In re Business Men's Assurance Co. of America*, 992 F.2d 181, 183 (8th Cir. 1993).

Removal will not be defeated, however, by collusive or fraudulent joinder of a resident defendant.  *See Anderson v. Home Ins. Co.*, 724 F.2d 82, 84 (8th Cir. 1983).  *See*

purposes of ruling on PW Shoe's motion to remand, the Court will consider whether Garen Miller was also fraudulently joined.

4

*also BP Chemicals Ltd. v. Jiangsu Sopo Corp*, 285 F.3d 677, 685 (8th Cir. 2002) (holding that a defendant's right of removal based on diversity of citizenship may not be defeated by fraudulently joining a non-diverse party). Joinder is fraudulent, if on the face of the state court complaint, no cause of action lies against the resident defendant. *See Anderson*, 724 F.2d at 84. When a party seeking removal alleges fraudulent joinder, the removing party bears the substantial burden of proving the alleged fraud. *See Parnas v. General Motors Corp.*, 879 F.Supp. 91, 92 (E.D.Mo. 1995). If there is no reasonable basis in fact or colorable ground supporting the claim against the resident defendant, or the Court finds that the plaintiff has no real intention of prosecuting the action against the resident defendant, joinder is fraudulent and removal is proper. *See Reeb v. Wal-Mart Stores, Inc.*, 902 F.Supp. 185, 187 (E.D. Mo. 1995); *Monroe v. Consolidated Freightways, Inc.*, 654 F.Supp. 661, 662-63 (E.D.Mo. 1987). Any contested fact issues must be resolved in favor of the plaintiff. *See Monroe*, 654 F. Supp. at 663 (citation omitted). In the present case, State Auto does not allege fraud in the pleading of the jurisdictional facts. Therefore, the issue for this Court to consider is whether the plaintiff has stated a basis for recovery, under Missouri law, against the resident defendants.

<u>Discussion</u>

1.      **Fraudulent Joinder**

State Auto argues that PW Shoe has failed to allege any claim or cause of action that it will, or may, assert against HBD, Safeco, and the Architect. In support, State Auto quotes paragraph 13 of PW Shoe's Petition, which states:

That the allegations of this Petition as to HBD, Safeco and the Architect specifically <u>excludes</u> and is in no way asserting any grounds of negligence or breach of contract against the Architect, HBD, or others; nor is it seeking a determination of the obligations of Safeco as "Surety" under the Bonds it issued to HBD (as Principal) or PW Shoe (as Obligee); Rather HBD, Safeco and the Architect have been joined as part of this action under the Declaratory Judgment Act of Missouri simply in their capacity as "parties of interest" in whether or not there exists coverage under State Auto's Builder's Risk Policy . . . which said determination will necessarily impact each of the Defendants, and their respective relationships and Agreements which have multifarious connections to the Project and the Parties.

The Court first notes that Safeco is not a resident defendant, but is a foreign defendant, and therefore need not be considered for purposes of a removal to federal court based on fraudulent joinder. *See Anderson*, 724 F.2d at 84. The Court will therefore consider whether PW Shoe fraudulently joined resident defendants HBD and the Architect to defeat diversity jurisdiction.

The Missouri Declaratory Judgment Act, Mo. Rev. Stat. § 527.010 *et seq*, requires that "[w]hen declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration . . . ." According to the Missouri courts, an "interest" under this statute is "not one which is merely consequential, remote or a conjectural possibility of being somehow affected by the result of an action." *Moschenross v. St. Louis County*, 188 S.W.3d 13, 25 (Mo. Ct. App. 2006) (citation omitted). "The interest at issue must be a direct claim upon the subject of the action such that the joined party will either gain or lose by direct operation of the judgment rendered." *Id.*

The Court finds that HBD has an interest which would be affected by this declaratory judgment action because it is listed as an additional insured under the

Builder's Risk Policy. *Cf. id.* (holding that the interest of baseball team owners in a declaratory judgment action regarding the effect of a recently enacted proposition on baseball stadium financing agreements was not one that compelled joinder under Mo. Rev. Stat. § 527.010 because the team owners were not parties to the agreements). Also, as an additional insured, HBD made a claim under the Builder's Risk Policy to State Auto on April 12, 2010. (Doc. 1-2 at 61.) HBD therefore has a direct claim upon the determination of whether there is coverage under the Builder's Risk Policy, and was properly joined in this action.

The Court, however, is not persuaded that the Architect will be affected in such a direct manner as would require its joinder as an "interested" party here. The Architect was not a party to the Builder's Liability Policy, and its liability to PW Shoe is not the subject matter of this action and will not be settled by any declaratory judgment in this action. Therefore, any effect upon the Architect is merely conjectural and consequential, and does not qualify as an "interest" under Section 527.010. *See Harris v. Union Electric Co.*, 622 S.W.2d 239, 245-46 (Mo. Ct. App. 1981).

Alternatively, State Auto requests that HBD, Safeco, and the Architect be realigned as plaintiffs in this action. In the Eighth Circuit, to determine whether to realign these defendants as plaintiffs, the Court must decide whether any actual and substantial conflict exists between these defendant and PW Shoe, regardless of whether it concerns the primary issue in dispute. *See Universal Underwriters Ins. Co. v. Wagner*, 367 F.2d 866, 870 (8th Cir. 1966); *Hartford Accident and Indemnity Co. v. Doe Run Resources Corp.*, No. 4:08CV01687 CAS, 2009 WL 1067209, *3 (E.D. Mo. April 21,

2009). The Court finds that a determination of whether coverage exists under the Builder's Risk Policy will necessarily require consideration of whether these defendants contributed to the damage that occurred to the Project, thus creating an actual conflict between these defendants and PW Shoe. HBD's own notice of claim letter to State Auto states that "HBD disputes the claims asserted by P.W. Shoe Lofts against [HBD]." (Doc. 1-2 at 61.) The Court will therefore deny State Auto's request to realign these defendants as plaintiffs in this action.

Because the Court finds that HBD was properly joined as a resident defendant in this declaratory judgment action, the Court lacks subject matter jurisdiction and will grant PW Shoe's motion to remand this action to state court.

### 2. Lack of Consent

PW Shoe also seeks to have this case remanded because State Auto did not obtain the consent of all of the defendants when it removed this case to federal court. Under the general rule of unanimity, all defendants must join in a notice of removal or the case will be remanded. *See Horton v. Conklin*, 431 F.3d 602, 604 (8th Cir. 2005). However, the consent of fraudulently joined parties is not required. *See K.L. v. State Farm Mut. Auto. Ins. Co.*, No. 4:05CV1950 TCM, 2006 WL 51192, *2 (E.D. Mo. Jan. 10, 2006) (citing *United Computer Sys., Inc. v. AT&T Corp.*, 298 F.3d 756, 762 (9th Cir. 2002)).

Because this Court has determined that the resident defendant, HBD, was properly joined in this case, and that Safeco was a foreign defendant, State Auto was required to obtain the consent of HBD and Safeco before removing this case to federal court. Both HBD and Safeco have filed notices with this Court which state that they did not consent

to the removal of this case and therefore consent to the remand of this case as requested by PW Shoe.  (Doc. 11, 14.)

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to remand [#12] is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the Circuit Court of St. Louis City, Missouri.  The Clerk is directed to mail a certified copy of this Order to the clerk of the Circuit Court of St. Louis City, Missouri, and to close the file.


_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 7th day of June, 2011.